IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RICHARD ALEXANDER, BENNIE COLLUMB,**                          **PLAINTIFFS**
**DON DAVIS, DUANE GRIMES, JOHN HOUPT,**
**JOHN HOWLAND, JASON PHILLIPS,**
**DWAYNE PRITCHARD, RANDY SCHROEDER, and**
**KYLAN UTLEY**

VS.                                No. 4:13-cv-650-BSM

**TUTLE AND TUTLE TRUCKING, INC.;**                                **DEFENDANTS**
**TOMMY PAUL TUTLE, Individually and as Officer and**
**Director of TUTLE AND TUTLE TRUCKING, INC.;**
**and GARY TUTLE, Individually and as Officer and**
**Director of TUTLE AND TUTLE TRUCKING, INC.**

This case assigned to District Judge _____
**ORIGINAL COMPLAINT** to Magistrate Judge _____

COME NOW Plaintiffs Richard Alexander, Bennie Collumb, Don Davis, Duane Grimes, John Houpt, John Howland, Jason Phillips, Dwayne Pritchard, Randy Schroeder and Kylan Utley, by and through their attorneys Josh Sanford and Joshua West of Sanford Law Firm, PLLC, and for their Original Complaint ("Complaint"), do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs Richard Alexander, Bennie Collumb, Don Davis, Duane Grimes, John Houpt, John Howland, Jason Phillips, Dwayne Pritchard, and Randy Schroeder ("Plaintiffs") against Defendants Tutle and Tutle

Trucking, Inc. ("T&T"); Tommy Paul Tutle ("Tommy Tutle"), individually and as officer and director of Tutle and Tutle Trucking, Inc.; and Gary Tutle, individually and as officer and director of Tutle and Tutle Trucking, Inc., (collectively, "Defendants"), for violations of (1) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and (2) the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2. Plaintiffs seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

3. Plaintiffs also seek punitive damages for Defendants' violations of the AMWA based on the principles found in the Civil Justice Reform Act, Ark. Code Ann. § 16-55-206.

4. The relevant time period of this Complaint is anytime within the three years immediately preceding the filing of this Complaint.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this

state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

7. This Court, therefore, has pendent jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the Eastern District of Arkansas or because Defendants are otherwise subject to this Court's personal jurisdiction.

### III. THE PARTIES

9. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

#### A. Plaintiffs

10. Plaintiffs are current or former employees of Defendants.

11. Plaintiffs work or worked for Defendants as truck drivers within the three years prior to the filing of this Complaint.

12. Plaintiff Richard Alexander ("Alexander") is a citizen and resident of Conway County, Arkansas. Defendants hired or designated Alexander as a SLB Driver (defined below) sometime around February of 2011.

13. Plaintiff Bennie Collumb ("Collumb") is a citizen and resident of Perry County, Arkansas. Defendants hired or designated Collumb as a SLB Driver on or around February 1, 2012. Collumb drove as a SLB Driver until he left T&T on December 16, 2012.

14.     Plaintiff Don Davis ("Davis") is a citizen and resident of Lonoke County, Arkansas. Defendants hired or designated Davis as a SLB Driver around January of 2012. Davis drove as a SLB Driver until he left T&T in May of 2013.

15.     Plaintiff Duane Grimes ("Grimes") is a citizen and resident of Conway County, Arkansas. Defendants hired or designated Grimes as a SLB Driver around January of 2012. Grimes drove as a SLB Driver until T&T terminated its operation of Schlumberger trucks.

16.     Plaintiff John Houpt ("Houpt") is a citizen and resident of Garland County, Arkansas. Defendants hired or designated Houpt as a SLB Driver around March of 2013. Houpt drove as a SLB Driver until T&T terminated its operation of Schlumberger trucks.

17.     Plaintiff John Howland ("Howland") is a citizen and resident of Gaines County, Texas. Defendants hired or designated Howland as a SLB Driver on or around January 16, 2012. Howland drove as a SLB Driver until around November 9, 2012.

18.     Plaintiff Jason Phillips ("Phillips") is a citizen and resident of Yell County, Arkansas. Defendants hired or designated Phillips as a SLB Driver on or around January 15, 2013. Phillips drove as a SLB Driver until around September 15, 2013.

19.     Plaintiff Dwayne Pritchard ("Pritchard") is a citizen and resident of Perry County, Arkansas. Defendants hired or designated Pritchard as a SLB Driver on or around July of 2012. Plaintiff Pritchard drove as a SLB Driver until around May 29, 2013.

20.     Plaintiff Randy Schroeder ("Schroeder") is a citizen and resident of Saline County, Arkansas. Defendants hired or designated Schroeder as a SLB Driver on or

around August 10, 2012. Schroeder drove as a SLB Driver until around September 14, 2013.

21. Plaintiff Kylan Utley ("Utley") is a citizen and resident of Pope County, Arkansas. Defendants hired or designated Utley as a SLB Driver on or around February of 2012. Utley drove as a SLB Driver until T&T terminated its operation of Schlumberger trucks.

**B.   Defendants**

22. T&T is a for-profit corporation organized under the laws of the State of Texas.

23. T&T provides trucking services for hydraulic fracturing companies (a.k.a. "fracking companies") by hauling fracking sand to the frac sites.

24. Tommy Tutle is T&T's registered agent for service of process.

25. Tommy Tutle receives service of process for T&T at 415 Marshall Road, Morrilton, Arkansas 72110.

26. T&T maintains a website located at www.tutleandtutle.com.

27. Within the past three years preceding the filing of this Complaint, T&T continuously employed at least four employees, such as drivers and dispatchers, including Plaintiffs.

28. T&T has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

29. T&T's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the calendar years at issue in this Complaint.

30. Tommy Tutle is the president of T&T.

31. Gary Tutle is the Vice President of T&T.

32. Tommy Tutle has control over the daily operations of T&T.

33. Gary Tutle has control over the daily operations of T&T.

## IV. FACTUAL ALLEGATIONS

34. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

35. At the relevant time, T&T owned and operated tractor-trailers ("trucks").

36. In addition to operating its own trucks, at the relevant time, T&T leased and operated a fleet of trucks from Schlumberger Limited ("Schlumberger") or one of its affiliates, parents, or subsidiaries.

37. T&T used this fleet of leased Schlumberger trucks to provide frac sand hauling services to frac sites.

38. T&T's full fleet of Schlumberger trucks usually consisted of twelve trucks.

39. T&T used the Schlumberger trucks primarily to haul frac sand from Guion, Arkansas, to frac sites primarily within the State of Arkansas, including sites in White, Conway, and Van Buren Counties.

40. Within the three years preceding the filing of this Complaint, T&T hired or otherwise designated Plaintiffs to haul frac sand primarily in Schlumberger trucks ("SLB Drivers") for some period of time.

41. Defendants designated Plaintiffs as SLB Drivers for some period of time during the three years preceding the filing of this Complaint.

42. While Plaintiffs worked as SLB Drivers, other drivers continued to drive for T&T in T&T's company owned trucks ("T&T Drivers").

43. During the relevant time, T&T paid SLB Drivers a weekly salary for driving the Schlumberger trucks.

44. T&T Drivers earned a commission, which was calculated as 25% of the value of the load that the driver hauled.

45. T&T or its agents made it generally known, or on at least one occasion, directly told one or more Plaintiffs, that one benefit of being an SLB Driver was that SLB Drivers were expected to drive only within the State of Arkansas.

46. T&T or its agents made it generally known, or on at least one occasion, directly told one or more Plaintiffs, that SLB Drivers were expected to drive only within the State of Arkansas because the Schlumberger trucks were designated to be used for BHP frac sites within the State of Arkansas.

47. During their service as SLB Drivers, Plaintiffs worked more than forty (40) hours in a week in at least one workweek.

48. T&T did not pay Plaintiffs any overtime premium during weeks in which Plaintiffs, as SLB Drivers, worked more than forty (40) hours in a week.

## V. LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

49. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

### A. FLSA Overtime Violations

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

51. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

52. Defendants knew or should have known of their obligation to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

### B. AMWA Overtime Violations

54. Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

55. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week violation of the AMWA.

56. Defendants knew or should have known of their obligation to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

57. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

### C. Arkansas Civil Justice Reform Act—Punitive Damages

58. Defendant knew, and for some time acted in accordance with its knowledge, that it had obligations under the AMWA to pay Plaintiffs one and one-half times their regular rate for all hours worked over forty (40) per week.

59. Defendant is liable to Plaintiffs for, and Plaintiffs seek, punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's failure to pay overtime to Plaintiffs.

### VI.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Richard Alexander, Bennie Collumb, Don Davis, Duane Grimes, John Houpt, John Howland, Jason Phillips, Dwayne Pritchard, Randy Schroeder and Kylan Utley respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B. A declaratory judgment that Tommy Tutle and Gary Tutle are individually liable as employers under the FLSA;

C. Judgment for damages suffered by Plaintiffs for all unpaid overtime compensation under the FLSA, the AMWA, and their relating regulations;

D.  Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA, the AMWA, and their relating regulations;

E.  Judgment for any and all civil penalties to which Plaintiffs may be entitled;

F.  Judgment for punitive damages owed to Plaintiffs pursuant to the Arkansas Civil Justice Reform Act;

G.  An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees, and all costs connected with this action; and

H.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**RICHARD ALEXANDER, BENNIE COLLUMB, DON DAVIS, DUANE GRIMES, JOHN HOUPT, JOHN HOWLAND, JASON PHILLIPS, DWAYNE PRITCHARD, RANDY SCHROEDER, and KYLAN UTLEY, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 110
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com