FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 08 2014

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICHARD ALEXANDER, BENNIE COLLUM,　　　　　　　　　　　PLAINTIFFS
DON DAVIS, DUANE GRIMES, JOHN HOUPT,
JOHN HOWLAND, JASON PHILLIPS,
DWAYNE PRITCHARD, RANDY SCHROEDER,
KYLAN UTLEY and ROBERT McNEIL

vs.　　　　　　　　　No. 4:13-cv-650-BSM

TUTLE AND TUTLE TRUCKING, INC.;　　　　　　　　　　　　DEFENDANTS
TOMMY PAUL TUTLE, Individually and as Officer and
Director of TUTLE AND TUTLE TRUCKING, INC.;
and GARY TUTLE, Individually and as Officer and
Director of TUTLE AND TUTLE TRUCKING, INC.;
SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.);
SCHLUMBERGER TECHNOLOGY CORPORATION; and
SCHLUMBERGER TECHNOLOGIES, INC.

## SECOND AMENDED AND SUBSTITUTED COMPLAINT

COME NOW Plaintiffs Richard Alexander, Bennie Collum, Don Davis, Duane Grimes, John Houpt, John Howland, Jason Phillips, Dwayne Pritchard, Randy Schroeder, Kylan Utley and Robert McNeil (referred to throughout this Complaint in the conjunctive and disjunctive sense as "Plaintiffs"), by and through their attorneys Josh Sanford and Joshua West of Sanford Law Firm, PLLC, and for their Second Amended and Substituted Complaint ("Complaint"), do hereby state and allege as follows:

### I.　　PRELIMINARY STATEMENTS

1.　　Plaintiffs bring this action against Defendants Tutle and Tutle Trucking, Inc. ("T&T"); Tommy Paul Tutle ("Tommy Tutle"), individually and as officer and director

of Tutle and Tutle Trucking, Inc.; and Gary Tutle, individually and as officer and director of Tutle and Tutle Trucking, Inc.; Schlumberger Limited (Schlumberger N.V.) ("Schlumberger"); Schlumberger Technology Corporation ("Schlumberger Corp."); and Schlumberger Technologies, Inc. ("Schlumberger Technologies") (all Schlumberger defendants referred to in the conjunctive *and* disjunctive sense throughout this Complaint as "SLB") (all defendants referred to in the conjunctive *and* disjunctive sense throughout this Complaint as "Defendants"), for violations of (1) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and (2) the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2.     Plaintiffs seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

3.     Plaintiffs also seek punitive damages for Defendants' violations of the AMWA based on the principles found in the Civil Justice Reform Act, Ark. Code Ann. § 16-55-206.

4.     The relevant period of this Complaint is anytime within the three years immediately preceding the filing of the Original Complaint.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

7. This Court, therefore, has pendent jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the Eastern District of Arkansas or because Defendants are otherwise subject to this Court's personal jurisdiction.

## III. THE PARTIES

9. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

### A. Plaintiffs

10. Plaintiffs are current or former employees of Defendants.

11. Plaintiffs work or worked for Defendants as truck drivers within the three years prior to the filing of this Complaint.

12. Plaintiff Richard Alexander ("Alexander") is a citizen and resident of Conway County, Arkansas. Defendants hired or designated Alexander as a "SLB Driver" (defined below) sometime around February of 2011.

13. Plaintiff Bennie Collum ("Collum") is a citizen and resident of Perry County, Arkansas. Defendants hired or designated Collum as a SLB Driver on or around February 1, 2012. Collum drove as a SLB Driver until he left T&T on December 16, 2012.

14. Plaintiff Don Davis ("Davis") is a citizen and resident of Lonoke County, Arkansas. Defendants hired or designated Davis as a SLB Driver around January of 2012. Davis drove as a SLB Driver until he left T&T in May of 2013.

15. Plaintiff Duane Grimes ("Grimes") is a citizen and resident of Conway County, Arkansas. Defendants hired or designated Grimes as a SLB Driver around January of 2012. Grimes drove as a SLB Driver until T&T terminated its operation of Schlumberger trucks.

16. Plaintiff John Houpt ("Houpt") is a citizen and resident of Garland County, Arkansas. Defendants hired or designated Houpt as a SLB Driver around March of 2013. Houpt drove as a SLB Driver until T&T terminated its operation of Schlumberger trucks.

17. Plaintiff John Howland ("Howland") is a citizen and resident of Gaines County, Texas. Defendants hired or designated Howland as a SLB Driver on or around January 16, 2012. Howland drove as a SLB Driver until around November 9, 2012.

18. Plaintiff Jason Phillips ("Phillips") is a citizen and resident of Yell County, Arkansas. Defendants hired or designated Phillips as a SLB Driver on or around January 15, 2013. Phillips drove as a SLB Driver until around September 15, 2013.

19. Plaintiff Dwayne Pritchard ("Pritchard") is a citizen and resident of Perry County, Arkansas. Defendants hired or designated Pritchard as a SLB Driver on or around July of 2012. Plaintiff Pritchard drove as a SLB Driver until around May 29, 2013.

20. Plaintiff Randy Schroeder ("Schroeder") is a citizen and resident of Saline County, Arkansas. Defendants hired or designated Schroeder as a SLB Driver on or around August 10, 2012. Schroeder drove as a SLB Driver until around September 14, 2013.

21. Plaintiff Kylan Utley ("Utley") is a citizen and resident of Pope County, Arkansas. Defendants hired or designated Utley as a SLB Driver on or around February of 2012. Utley drove as a SLB Driver until T&T terminated its operation of Schlumberger trucks.

22. Plaintiff Robert McNeil ("McNeil") is a citizen and resident of Van Buren County, Arkansas. Defendants hired or designated McNeil as a SLB Driver on or around March or April of 2012. McNeil drove as a SLB Driver until May 3, 2013.

B. **Defendants**

23. T&T is a for-profit corporation organized under the laws of the State of Texas.

24. T&T provides trucking services for hydraulic fracturing companies (a.k.a. "fracking companies") by hauling fracking sand to the frac sites.

25. Tommy Tutle is T&T's registered agent for service of process.

26. Tommy Tutle receives service of process for T&T at 415 Marshall Road, Morrilton, Arkansas 72110.

27. T&T maintains a website located at www.tutleandtutle.com.

28. During the relevant time, T&T continuously employed at least four employees, such as drivers and dispatchers, including Plaintiffs.

29. During the relevant time, T&T had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

30. T&T's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the calendar years during the relevant time.

31. Tommy Tutle is the president of T&T.

32. Gary Tutle is the Vice President of T&T.

33. Tommy Tutle has control over the daily operations of T&T.

34. Gary Tutle has control over the daily operations of T&T.

35. Schlumberger is a for-profit corporation organized under the laws of Curaçao, formerly an island territory of the Netherlands Antilles, which was formerly a part of the Kingdom of the Netherlands along with Aruba and the Netherlands.

36. Schlumberger is registered as a foreign corporation in the State of Texas.

37. Schlumberger is a supplier of technology, integrated project management and information solutions to customers working in the oil and gas industry worldwide.

Page 6 of 15
Richard Alexander, et al. v. Tutle and Tutle Trucking, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:13-cv-650-BSM
Second Amended and Substituted Complaint

38. Schlumberger employs approximately 123,000 people representing over 140 nationalities and working in more than 85 countries.

39. Schlumberger maintains a website at http://www.slb.com/.

40. During the relevant time, Schlumberger continuously employed at least four employees.

41. During the relevant time, Schlumberger had employees engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce by any person.

42. Schlumberger's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the calendar years during the relevant time.

43. Schlumberger Corp. is a Texas corporation.

44. Schlumberger Corp. is registered to do business in the State of Arkansas as a foreign, for-profit corporation.

45. During the relevant time, Schlumberger Corp. continuously employed at least four employees.

46. During the relevant time, Schlumberger Corp. had employees engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce by any person.

47. Schlumberger Corp.'s annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the calendar years during the relevant time.

48. Schlumberger Technologies is a Delaware corporation.

49. Schlumberger Technologies is registered to do business in the State of Louisiana as a foreign, for-profit corporation.

50. During the relevant time, Schlumberger Technologies continuously employed at least four employees.

51. During the relevant time, Schlumberger Technologies had employees engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce by any person.

52. Schlumberger Technologies's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the calendar years during the relevant time.

53. Schlumberger, Schlumberger Corp., and Schlumberger Technologies are all engaged in the common business purpose of supplying technology, project management, and information solutions to customers working in the oil and gas industry.

54. Upon information and belief, Schlumberger Corp., and Schlumberger Technologies have been, at all relevant times, partially or wholly owned subsidiaries of Schlumberger.

55. Schlumberger exercises common control over Schlumberger Corp. and Schlumberger Technologies in order to carry out their common business purpose of supplying technology, project management, and information solutions to customers working in the oil and gas industry.

## IV. FACTUAL ALLEGATIONS

56. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

57. At the relevant time, T&T owned and operated tractor-trailers ("trucks").

58. In addition to operating its own trucks, at the relevant time, T&T operated a fleet of trucks owned by SLB or one of their affiliates, parents, or subsidiaries.

59. T&T used this fleet SLB trucks to provide frac sand hauling services to frac sites.

60. T&T's full fleet of SLB trucks usually consisted of twelve trucks.

61. T&T used the SLB trucks primarily to haul frac sand from Guion, Arkansas, to frac sites primarily within the State of Arkansas, including sites in White, Conway, and Van Buren Counties.

62. Within the three years preceding the filing of this Complaint, Defendants hired or otherwise designated some T&T drivers, including Plaintiffs, to haul frac sand primarily in SLB trucks ("SLB Drivers") for some period of time.

63. Defendants designated Plaintiffs as SLB Drivers for some period of time during the three years preceding the filing of this Complaint.

64. While Plaintiffs worked as SLB Drivers, other drivers continued to drive for T&T in T&T's company owned trucks ("T&T Drivers").

65. During the relevant time, T&T paid SLB Drivers a weekly salary for driving the SLB trucks.

66. T&T Drivers earned a commission, which was calculated as 25% of the value of the load that the driver hauled.

67. T&T or its agents made it generally known, or on at least one occasion, directly told one or more Plaintiffs, that one benefit of being an SLB Driver was that SLB Drivers were expected to drive only within the State of Arkansas.

68. T&T or its agents made it generally known, or on at least one occasion, directly told one or more Plaintiffs, that SLB Drivers were expected to drive only within the State of Arkansas because the SLB trucks were designated to be used for BHP frac sites within the State of Arkansas.

69. The arrangement for T&T to use SLB trucks and for T&T to supply drivers to drive SLB trucks was the result of a formal, written agreement between T&T and SLB, called a Master Services Agreement for Driver Outsource.

70. To manage and minimize driving risks, SLB or their affiliates, parents, or subsidiaries had implemented a driving safety program by the time that Plaintiffs were hired or designated as SLB Drivers.

71. As part of its driving safety program, SLB or their affiliates, parents, or subsidiaries required SLB Drivers to use SLB's e-Journey software, which is a web-based software that logs and processes driver certification for employees and contractors; tracks each and every journey driven on SLB trucks; ensures that SLB Drivers have the correct certification for a proposed journey; and alerts an e-Journey

Page 10 of 15
Richard Alexander, et al. v. Tutle and Tutle Trucking, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:13-cv-650-BSM
Second Amended and Substituted Complaint

operator if the SLB Driver does not arrive on time at their destination, prompting an emergency response when required.

72. The e-Journey system is monitored by operators in a Journey Management Center ("JMC").

73. SLB or their affiliates, parents, or subsidiaries operated, hired, or controlled one such JMC in Kelleyville, Oklahoma ("Kelleyville").

74. SLB or their affiliates, parents, or subsidiaries required SLB Drivers to call Kelleyville and inform the JMC operator of their proposed route prior to actually driving each and every route.

75. After the SLB Driver called with a proposed route, the JMC operator would approve or disapprove the route and would notify the SLB Driver of any risks the route contained, such as icy road conditions.

76. In some situations, the JMC operator had the authority to suspend the SLB Driver's trip until the risks were assessed, the e-Journey plan was updated, and management approval was obtained.

77. During an SLB Driver's journey, in-vehicle monitors provided JMC operators with real-time vehicle positioning, rate of speed, and other parameters. This tracking allowed close monitoring of the SLB Driver's trip progress based on the e-Journey plan already approved by the JMC.

78. T&T Drivers were not required to use e-Journey software because T&T did not use e-Journey software. The e-Journey software was a SLB requirement.

79. During their service as SLB Drivers, each Plaintiff worked more than forty (40) hours in a week in at least one workweek.

80. In fact, each Plaintiff worked more than forty (40) hours in a week in many workweeks during their service as SLB Drivers.

81. T&T did not pay Plaintiffs any overtime premium during weeks in which Plaintiffs, as SLB Drivers, worked more than forty (40) hours in a week.

### V. LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

82. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

### A. FLSA Overtime Violations

83. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

84. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

85. Defendants knew or should have known of their obligation to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

86. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

B. **AMWA Overtime Violations**

87. Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

88. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week violation of the AMWA.

89. Defendants knew or should have known of their obligation to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

90. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

C. **Arkansas Civil Justice Reform Act—Punitive Damages**

91. Defendants knew, and for some time acted in accordance with its knowledge, that they had obligations under the AMWA to pay Plaintiffs one and one-half times their regular rate for all hours worked over forty (40) per week.

92. Defendants are liable to Plaintiffs for, and Plaintiffs seek, punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's failure to pay overtime to Plaintiffs.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Richard Alexander, Bennie Collum, Don Davis, Duane Grimes, John Houpt, John Howland, Jason Phillips, Dwayne

Pritchard, Randy Schroeder, Kylan Utley and Robert McNeil respectfully pray that Defendants be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B. A declaratory judgment that Tommy Tutle and Gary Tutle are individually liable as employers under the FLSA;

C. A declaratory judgment that Schlumberger, Schlumberger Corp., and Schlumberger Technologies are liable as employers under the FLSA;

D. Judgment for damages suffered by Plaintiffs for all unpaid overtime compensation under the FLSA, the AMWA, and their relating regulations;

E. Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA, the AMWA, and their relating regulations;

F. Judgment for any and all civil penalties to which Plaintiffs may be entitled;

G. Judgment for punitive damages owed to Plaintiffs pursuant to the Arkansas Civil Justice Reform Act;

H. An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees, and all costs connected with this action; and

I. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**RICHARD ALEXANDER, BENNIE COLLUM, DON DAVIS, DUANE GRIMES, JOHN HOUPT, JOHN HOWLAND, JASON PHILLIPS, DWAYNE PRITCHARD, RANDY SCHROEDER, KYLAN UTLEY and ROBERT McNEIL, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 110
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Joshua West, hereby certify that, on date imprinted by the clerk's stamp, the foregoing SECOND AMENDED AND SUBSTITUTED COMPLAINT was filed at the clerk's office of the Federal Court for the Eastern District of Arkansas, which will provide notice by consent through the CM/ECF system to the following attorneys of record:

Brent Langdon, Esq.
blangdon@ldatty.com
Melissa G. McPherson, Esq.
lisam@ldatty.com
LANGDON DAVIS, L.L.P.
5902 Summerfield, Suite A
Texarkana, Texas 75505-5547
Telephone: (903) 223-3246
Facsimile: (903) 223-5227

_____
Joshua West

Richard Alexander, et al. v. Tutle and Tutle Trucking, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:13-cv-650-BSM
Second Amended and Substituted Complaint