IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD ALEXANDER, BENNIE COLLUMB, DON DAVIS, DUANE GRIMES, JOHN HOUPT, JOHN HOWLAND, JASON PHILLIPS, DWAYNE PRITCHARD, RANDY SCHROEDER, AND KYLAN UTLEY, and ROBERT MCNEIL, | § § § § § § § | |
| *Plaintiffs,* | § | No. 4:13-CV-650-BVM |
| vs. | § § | JURY TRIAL DEMANDED |
| TUTLE AND TUTLE TRUCKING, INC.; TOMMY PAUL TUTLE, Individually and as Officer and Director of TUTLE AND TUTLE TRUCKING, INC.; and GARY TUTLE, Individually and as Officer and Director of Director of TUTLE AND TUTLE TRUCKING, INC.; SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.); SCHLUMBERGER TECHNOLOGY CORPORATION; and, SCHLUMBERGER TECHNOLOGIES, INC. | § § § § § § § § § § § | |
| *Defendants.* | § | |

**DEFENDANTS' ANSWER TO SECOND AMENDED AND SUBSITUTED COMPLAINT**

Defendants, Tutle and Tutle Trucking, Inc.; Tommy Paul Tutle, Individually and as Officer and Director of Tutle and Tutle Trucking, Inc.; and Gary Tutle, Individually and as Officer and Director of Tutle and Tutle Trucking, Inc. (hereinafter referred to collectively as "T&T" unless specifically stated otherwise), file this Answer to the Second Amended and Substituted Complaint.

**I.**

**Admissions and Denials**

1. T&T admits this appears to be an action brought by the named Plaintiffs in paragraph 1 of the Second Amended and Substituted Complaint. T&T denies the remaining allegations contained in paragraph 1 of the Second Amended and Substituted Complaint and demands strict proof thereof.

2. T&T admits that Plaintiffs have requested relief as stated in paragraph 2 of the Second Amended and Substituted Complaint. T&T specifically denies that Plaintiffs are entitled to declaratory judgment, monetary damages or any other relief requested in paragraph 2 of the Second Amended and Substituted Complaint and demands strict proof thereof. T&T specifically denies Plaintiffs' allegations as to the applicable statutory limitations and specifically denies that T&T violated the overtime provisions of the FLSA and AMWA as stated in paragraph 2 of the Second Amended and Substituted Complaint and demands strict proof thereof.

3. T&T admits that Plaintiffs have requested punitive damages as stated in paragraph 3 of the Second Amended and Substituted Complaint. T&T specifically denies Plaintiffs' allegations that it violated the overtime provisions of the AMWA and specifically denies that Plaintiffs are entitled to punitive damages pursuant to the Civil Justice Reform Act as stated in paragraph 3 of the Second Amended and Substituted Complaint and demands strict proof thereof.

4. T&T denies the allegations contained in paragraph 4 of the Second Amended and Substituted Complaint and demands strict proof thereof.

**II.**

5. T&T admits the allegations contained in paragraph 5 of the Second Amended and Substituted Complaint.

6. T&T admits the Complaint alleges AMWA violations in paragraph 6 of the Second Amended and Substituted Complaint. T&T is without sufficient information to either admit or deny the remaining allegations as to what the operative facts are as stated in paragraph 6 of the Second Amended and Substituted Complaint and therefore denies the same and demands

strict proof thereof. T&T denies the remaining allegations in paragraph 6 of the Second Amended and Substituted Complaint, and demands strict proof thereof.

7. T&T denies the allegations contained in paragraphs 7 of the Second Amended and Substituted Complaint not heretofore admitted and demands strict proof thereof.

8. T&T admits Defendants are otherwise subject to this Court's personal jurisdiction. T&T denies the remaining allegations contained in paragraphs 8 of the Second Amended and Substituted Complaint and demands strict proof thereof.

### III.

9. T&T denies the allegations contained in paragraph 9 of the Second Amended and Substituted Complaint not heretofore admitted and demands strict proof thereof.

10. T&T admits the allegations contained in paragraph 10 of the Second Amended and Substituted Complaint.

11. T&T admits that Plaintiffs work or worked for Defendants as truck drivers. T&T denies the remaining allegations of paragraph 11 of the Second Amended and Substituted Complaint and demands strict proof thereof.

12. T&T states that the allegation in paragraph 12 of the Second Amended and Substituted Complaint, regarding Plaintiff Richard Alexander (hereinafter referred to as "Plaintiff Alexander") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 12 of the Second Amended and Substituted Complaint as to whether Plaintiff Alexander is a resident of Perry County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff Alexander was hired by T&T as a driver and designated to operate Schlumberger Technology Corporation (hereinafter

"Schlumberger") trucks during periods of his employment. T&T denies all remaining allegations in paragraph 12 of the Second Amended and Substituted Complaint and demands strict proof thereof.

13. T&T states that the allegation in paragraph 13 of the Second Amended and Substituted Complaint, regarding Plaintiff Bennie Collum's (hereinafter referred to as "Plaintiff Collum") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 13 of the Second Amended and Substituted Complaint as to whether Plaintiff Collum is a resident of Perry County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff Collum was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 13 of the Second Amended and Substituted Complaint and demands strict proof thereof.

14. T&T states that the allegation in paragraph 14 of the Second Amended and Substituted Complaint, regarding Plaintiff Don Davis (hereinafter referred to as "Plaintiff Davis") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 14 of the Second Amended and Substituted Complaint as to whether Plaintiff Davis is a resident of Lonoke County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff Davis was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 14 of the Second Amended and Substituted Complaint and demands strict proof thereof.

15. T&T states that the allegation in paragraph 15 of the Second Amended and Substituted Complaint, regarding Plaintiff Duane Grimes (hereinafter referred to as "Plaintiff Grimes") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15 of the Second Amended and Substituted Complaint as to whether Plaintiff Grimes is a resident of Conway County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff Grimes hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 15 of the Second Amended and Substituted Complaint and demands strict proof thereof.

16. T&T states that the allegation in paragraph 16 of the Second Amended and Substituted Complaint, regarding Plaintiff John Houpt (hereinafter referred to as "Plaintiff Houpt") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of the Second Amended and Substituted Complaint as to whether Plaintiff Houpt is a resident of Conway County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff Houpt was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 16 of the Second Amended and Substituted Complaint and demands strict proof thereof.

17. T&T states that the allegation in paragraph 17 of the Second Amended and Substituted Complaint, regarding Plaintiff John Howland (hereinafter referred to as "Plaintiff Howland") status as a citizen consists of a legal conclusion that does not require a response.

T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 17 of the Second Amended and Substituted Complaint as to whether Plaintiff Howland is a resident of Gaines County, Texas and therefore denies the same and demands strict proof thereof.. T&T admits that Plaintiff Howland was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 17 of the Second Amended and Substituted Complaint and demands strict proof thereof.

18. T&T states that the allegation in paragraph 18 of the Second Amended and Substituted Complaint, regarding Plaintiff Jason Phillips (hereinafter referred to as "Plaintiff Phillips") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 18 of the Second Amended and Substituted Complaint as to whether Plaintiff Phillips is a resident of Yell County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff Phillips was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 18 of the Second Amended and Substituted Complaint and demands strict proof thereof.

19. T&T states that the allegation in paragraph 19 of the Second Amended and Substituted Complaint, regarding Plaintiff Dwayne Pritchard (hereinafter referred to as "Plaintiff Pritchard") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 19 of the Second Amended and Substituted Complaint as to whether Plaintiff Pritchard is a resident of Perry County, Arkansas and therefore denies the same and

demands strict proof thereof. T&T admits that Plaintiff Pritchard was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 19 of the Second Amended and Substituted Complaint and demands strict proof thereof.

20. T&T states that the allegation in paragraph 20 of the Second Amended and Substituted Complaint, regarding Plaintiff Randy Schroeder (hereinafter referred to as "Plaintiff Schroeder") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 20 of the Second Amended and Substituted Complaint as to whether Plaintiff Schroeder is a resident of Saline County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff Schroeder was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 20 of the Second Amended and Substituted Complaint and demands strict proof thereof.

21. T&T states that the allegation in paragraph 21 of the Second Amended and Substituted Complaint, regarding Plaintiff Kylan Utley (hereinafter referred to as "Plaintiff Utley") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 21 of the Second Amended and Substituted Complaint as to whether Plaintiff Utley is a resident of Pope County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff Utley was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in

paragraph 21 of the Second Amended and Substituted Complaint and demands strict proof thereof.

22. T&T states that the allegation in paragraph 22 of the Second Amended and Substituted Complaint, regarding Plaintiff Robert McNeil (hereinafter referred to as "Plaintiff McNeil") status as a citizen consists of a legal conclusion that does not require a response. T&T is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 22 of the Second Amended and Substituted Complaint as to whether Plaintiff McNeil is a resident of Van Buren County, Arkansas and therefore denies the same and demands strict proof thereof. T&T admits that Plaintiff McNeil was hired by T&T as a driver and designated to operate Schlumberger trucks during periods of his employment. T&T denies all remaining allegations in paragraph 22 of the Second Amended and Substituted Complaint and demands strict proof thereof.

23. T&T admits the allegations contained in paragraph 23 of the Second Amended and Substituted Complaint.

24. T&T admits the allegations contained in paragraph 24 of the Second Amended and Substituted Complaint.

25. T&T admits the allegations contained in paragraph 25 of the Second Amended and Substituted Complaint.

26. T&T admits the allegations contained in paragraph 26 of the Second Amended and Substituted Complaint.

27. T&T admits the allegations contained in paragraph 27 of the Second Amended and Substituted Complaint.

28. T&T admits the allegations contained in paragraph 28 of the Second Amended and Substituted Complaint.

29. T&T states the allegations contained in paragraph 29 of the Second Amended and Substituted Complaint consists of legal conclusions that do not require a response.

30. T&T admits the allegations contained in paragraph 30 of the Second Amended and Substituted Complaint.

31. T&T admits the allegations contained in paragraph 31 of the Second Amended and Substituted Complaint.

32. T&T admits the allegations contained in paragraph 32 of the Second Amended and Substituted Complaint.

33. T&T denies the allegations contained in paragraph 33 of the Second Amended and Substituted Complaint and demands strict proof thereof.

34. T&T denies the allegations contained in paragraph 34 of the Second Amended and Substituted Complaint and demands strict proof thereof.

35. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 35 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

36. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 36 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

37. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 37 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

38. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 38 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

39. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 39 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

40. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 40 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

41. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 41 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

42. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 42 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

43. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 43 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

44. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 44 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

45. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 45 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

46. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 46 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

47. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 47 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

48. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 48 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

49. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 49 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

50. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 50 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

51. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 51 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

52. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 52 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

53. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 53 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

54. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 54 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

55. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 55 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

**IV.**

56. T&T denies the allegations contained in paragraph 56 of the Second Amended and Substituted Complaint not heretofore admitted and demands strict proof thereof.

57. T&T admits it owned and operated tractor-trailers as alleged in paragraph 57 of the Second Amended and Substituted Complaint. T&T denies the remaining allegations contained in paragraph 57 of the Second Amended and Substituted Complaint and demands strict proof thereof.

58. T&T admits operating its own trucks and designated drivers to operate SLB trucks as stated in paragraph 58 of the Second Amended and Substituted Complaint. T&T denies the remaining allegations contained in paragraph 58 of the Second Amended and Substituted Complaint and demands strict proof thereof.

59. T&T denies the allegations contained in paragraph 59 of the Second Amended and Substituted Complaint and demands strict proof thereof.

60. T&T denies the allegations contained in paragraph 60 of the Second Amended and Substituted Complaint and demands strict proof thereof.

61. T&T denies the allegations contained in paragraph 61 of the Second Amended and Substituted Complaint and demands strict proof thereof.

62. T&T admits it hired Plaintiffs and designated Plaintiffs to haul frac sand in Schlumberger trucks for some period of time as alleged in paragraph 62 of the Second Amended and Substituted Complaint. T&T denies all remaining allegations in paragraph 62 of the Second Amended and Substituted Complaint and demands strict proof thereof.

63. T&T admits it designated Plaintiffs to operate Schlumburger trucks for some period of time as alleged in paragraph 63 of the Second Amended and Substituted Complaint. T&T denies all remaining allegations in paragraph 63 of the Second Amended and Substituted Complaint and demands strict proof thereof.

64. T&T admits it designated Plaintiffs to operate Schlumburger trucks while other drivers continued to drive T&T trucks. T&T denies all remaining allegations in paragraph 64 of the Second Amended and Substituted Complaint and demands strict proof thereof.

65. T&T denies the allegations contained in paragraph 65 of the Second Amended and Substituted Complaint and demands strict proof thereof.

66. T&T admits that some drivers earned a commission calculated at 25% of the value of the load the driver hauled. T&T denies all remaining allegations in paragraph 66 of the Second Amended and Substituted Complaint and demands strict proof thereof.

67. T&T denies the allegations contained in paragraph 67 of the Second Amended and Substituted Complaint and demands strict proof thereof.

68. T&T denies the allegations contained in paragraph 68 of the Second Amended and Substituted Complaint and demands strict proof thereof.

69. T&T admits a formal, written agreement between T&T and SLB was called a Master Services Agreement for Driver Outsource. T&T denies all remaining allegations in paragraph 69 of the Second Amended and Substituted Complaint and demands strict proof thereof

70. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 70 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

71. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 71 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

72. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 72 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

73. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 73 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

74. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 74 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

75. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 75 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

76. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 76 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

77. T&T is without sufficient information to either admit or deny the allegations contained in paragraph 77 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue.

78. As to the allegation of the e-Journey software was a SLB requirement, T&T is without sufficient information to either admit or deny the allegations contained in paragraph 78 of the Second Amended and Substituted Complaint and therefore denies the same and the places the same in issue. T&T admits it did not use e-Journey software as alleged in paragraph 78 of the Second Amended and Substituted Complaint. T&T denies all other allegations contained in paragraph 78 of the Second Amended and Substituted Complaint and demands strict proof thereof.

79. T&T denies the allegations contained in paragraph 79 of the Second Amended and Substituted Complaint and demands strict proof thereof.

80. T&T denies the allegations contained in paragraph 80 of the Second Amended and Substituted Complaint and demands strict proof thereof.

81. T&T denies the allegations contained in paragraph 81 of the Second Amended and Substituted Complaint and demands strict proof thereof.

## V.

82. T&T denies the allegations contained in paragraph 82 of the Second Amended and Substituted Complaint not heretofore admitted and demands strict proof thereof.

83. T&T denies the allegations contained in paragraph 83 of the Second Amended and Substituted Complaint and demands strict proof thereof.

84. T&T denies the allegations contained in paragraph 84 of the Second Amended and Substituted Complaint and demands strict proof thereof.

85. T&T denies the allegations contained in paragraph 85 of the Second Amended and Substituted Complaint and demands strict proof thereof.

86. T&T denies the allegations contained in paragraph 86 of the Second Amended and Substituted Complaint and demands strict proof thereof.

87. T&T denies the allegations contained in paragraphs 87 of the Second Amended and Substituted Complaint and demands strict proof thereof.

88. T&T denies the allegations contained in paragraph 88 of the Second Amended and Substituted Complaint and demands strict proof thereof.

89. T&T denies the allegations contained in paragraph 89 of the Second Amended and Substituted Complaint and demands strict proof thereof.

90. T&T denies the allegations contained in paragraph 90 of the Second Amended and Substituted Complaint and demands strict proof thereof.

91. T&T denies the allegations contained in paragraph 91 of the Second Amended and Substituted Complaint and demands strict proof thereof.

___

*Defendants' Answer to Second Amended and Substituted Complaint*   Page 16
**Richard Alexander, et al v. Tutle and Tutle Trucking, Inc., et al**

92. T&T denies the allegations contained in paragraph 92 of the Second Amended and Substituted Complaint and demands strict proof thereof.

93. In response to Plaintiffs' Prayer for Relief, Defendants specifically deny that Plaintiffs are entitled to any relief, including declaratory relief, judgment or monetary damages as outlined in the Second Amended and Substituted Complaint and Prayer for Relief.

94. To the extent not heretofore admitted, all remaining allegations in the Second Amended and Substituted Complaint are denied.

## XI.

## Jury Demand

95. T&T demands a jury trial as to all claims properly tried to a jury.

## XIII.

## Affirmative Defenses

By way of further answer, and without limiting in any way the denials above, T&T affirmatively asserts the following defenses on the grounds stated below. To the sole extent that any defenses or legal theories may be interpreted as being inconsistent, T&T states that such defenses or legal theories are pleaded in the alternative. T&T respectfully prays for judgment of the Court on each such affirmative defense:

96. The Second Amended and Substituted Complaint fails to state a claim upon which relief can be granted.

97. At all material times, T&T acted in a good faith belief that it was in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed to Plaintiffs.


98. At no time did T&T pay Plaintiffs in a manner known or believed to violate any applicable FLSA or AMWA requirement, nor did T&T compensate Plaintiffs in willful disregard of any applicable FLSA or AMWA requirement.

99. T&T paid Plaintiffs all sums of money to which they were entitled.

100. Some or all of the Defendants named are not liable in the capacity in which they have been sued.

101. Plaintiffs' claims are barred to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213 (a) or (b).

102. Plaintiffs are exempt from overtime requirements pursuant to the Motor Carrier exemption.

103. Any act or omission of T&T as complained of by Plaintiffs was in good faith in conformity with and reliance on applicable administrative regulations, orders, ruling, approvals, and interpretations of the Administrator of the Wage and Hour Division of the Department of Labor, and in conformity with administrative practices and enforcement policies of the Administrator of the Wage and Hour Division of the Department of Labor with respect to Plaintiffs.

104. Plaintiffs are not entitled to any liquidated damages under the FLSA or AMWA because any claimed act or omission giving rise to this action was in good faith and based on T&T's reasonable grounds for believing that any such act or omission was in compliance with the FSLA and AMWA.

105. Plaintiffs' FLSA claims must be commenced within two years after the claims accrued not three years as asserted by Plaintiff as any purposed violation by T&T was not willful.

106. Plaintiffs' AMWA claims are not applicable pursuant to A.C.A. § 11-4-211(d), which specifically states the requirements of the overtime section "shall not apply to any employee exempt from the overtime requirements of the Fair Labor Standards Act pursuant to the provisions of 29 U.S.C. § 213(b)(1)-(24) and (b)(28)-(30)."

107. T&T asserts that Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statute of limitations.

108. T&T reserves the right to assert additional affirmative defenses in the event and to the extent that additional persons become plaintiffs in this lawsuit, and /or as may be appropriate in connection with facts obtained through discovery.

109. T&T reserves the right to assert any counterclaim revealed by discovery.

## XV.

## Prayer

WHEREFORE, Defendants pray Plaintiffs take nothing on their claims, the Court dismiss Plaintiffs' Second Amended and Substituted Complaint, and all claims asserted therein be dismissed with prejudice; for judgment upon Defendants affirmative defenses; and, for all other relief to which Defendants may be entitled, including, without limitation, reasonable attorneys' fees and costs to be assessed against Plaintiffs.

Respectfully submitted,

LANGDON✯DAVIS, L.L.P.
5902 Summerfield, Ste. A
Texarkana, Texas 75505-5547
Tel:(903) 223-3246
Fax:(903) 223-5227
E-Mail: blangdon@ldatty.com

By: /s/ Brent M. Langdon
Brent M. Langdon
Arkansas Bar No. 900042
Texas Bar No. 11902250

Melissa G. McPherson
Arkansas Bar No. 2007043
Texas Bar No. 24062883
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record on this 22nd day of July, 2014:

Joshua West*Via Electronic Mail (CM/ECF)*
Josh Sanford
SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Ste. 110
Little Rock, Arkansas  72211
west@sanfordlawfirm.com
josh@sanfordlawfirm.com

By: /s/ Melissa G. McPherson
Brent M. Langdon or Melissa G. McPherson